# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    SUSAN J. ALLEN,<br>        *Debtor* | Case No.: 22-30067 (AMN)<br>Chapter 7<br><br>Re: ECF No. 50[1] |
| KARA S. RESCIA,<br>CHAPTER 7 TRUSTEE<br>        *Plaintiff*<br>v.<br><br>EASYKNOCK, INC. *et al.*,<br><br>        *Defendant* | Adv. Pro. No. 24-03002 (AMN)<br><br><br><br><br><br>Re: AP-ECF No. 59 |
| EASYKNOCK, INC. *et al.*,<br>        *Plaintiff*<br>v.<br><br>KARA S. RESCIA,<br>CHAPTER 7 TRUSTEE<br>       *Defendant* | Adv. Pro. No. 24-03004 (AMN)<br><br><br><br><br><br>Re: AP-ECF No. 51 |

**MEMORANDUM OF DECISION AND ORDER APPROVING CHAPTER 7 TRUSTEE'S COMPROMISE WITH EK REAL ESTATE FUND, I, LLC AND EASYKNOCK, INC.**

      This matter came before the Court for hearing on October 9, 2024, upon Kara S. Rescia's (the "Trustee") Motion for Authority to Approve Compromise Between Trustee and EasyKnock, Inc. and EK Real Estate Fund I, LLC (together, "EasyKnock"), pursuant

---

[1] A citation to a document filed on the docket of the underlying Chapter 7 case, case number 22-30067, is noted by "ECF No." referencing the document number on the court's electronic case filing docket for the Chapter 7 case.

A citation to a document filed on the docket of an adversary proceeding case is noted by the adversary proceeding's case number followed by "AP-ECF No." referencing the document number on the docket of the adversary proceeding case.

to Fed.R.Bankr.P. 9019.[2] (the "Settlement Motion"). For the reasons that follow, the Settlement Motion will be granted.

## Background

On February 11, 2022 (the "Petition Date"), Susan J. Allen (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Kara S. Rescia was appointed as Chapter 7 Trustee on the same date, and she continues to serve in that capacity. Upon review of the Debtor's records and testimony at the Section 341 Meeting of Creditors, the Trustee learned the Debtor entered a contract with EasyKnock for a sale and leaseback of her home approximately two years before the Petition Date. EasyKnock provides this service via a product called a "Sell and Stay," consisting of several agreements (a "Sell and Stay Contract"). On February 28, 2020, the Debtor transferred her solely-owned, primary residence located at 57 Broadview Terrace, Meriden, Connecticut (the "Property") to EasyKnock (the "Transfer") via a Sell and Stay Contract.

The Trustee determined the Transfer was a voidable transfer, pursuant to 11 U.S.C. §§ 548, 550, and 551, and sought recovery of the Transfer, as well as damages pursuant to Connecticut General Statutes §§ 42-110a via Adversary Proceeding Case No. 24-03002. (the "Voidable Transfer Action"). The Trustee alleged the Property is now worth approximately $265,000 (and was worth approximately $200,000 at the time of the Transfer) and EasyKnock paid the Debtor far less as part of the transaction. Adv. Case No. 24-03002, AP-ECF No. 10 at 5.

---

[2] Similar motions have been filed in both related adversary proceedings. Adv. No. 24-03004, ECF No. 51; Adv. No. 24-03002, ECF No. 59.

EasyKnock filed a motion to dismiss the Trustee's Action on February 26, 2024, that was ultimately denied on June 10, 2024, pursuant to the Memorandum of Decision and Order Denying Defendants' Motion to Dismiss. Adv. No. 24-03002, AP-ECF No. 32. However, shortly after filing its motion to dismiss, EasyKnock also filed its own adversary complaint against the Trustee on March 20, 2024, (Case No. 24-03004). EasyKnock's complaint asserted, among other counts, that the Trustee engaged in tortious interference in the Debtor and EasyKnock's contractual relationship and defamed EasyKnock by commencing the Voidable Transfer Action. Adv. No. 24-03004, AP-ECF No. 1.

The Trustee moved to dismiss EasyKnock's complaint and filed a motion for sanctions, asserting EasyKnock's complaint violated Fed.R.Civ.P. 11(b)[3] because it was meritless and was filed for the improper purpose of retaliating against the Trustee for bringing the Voidable Transfer Action and sending a copy of the CUTPA complaint to the state Attorney General. Adv. No. 24-03004, ECF Nos. 17, 28. The Trustee's Motion for Sanctions sought to recover an award of all attorneys' fees and costs incurred by the Trustee to defend Adv. No. 24-03004. According to representations made during the hearing on the Settlement Motion, the attorneys' fees to defend the Trustee exceed $125,000. Further, the Trustee asserted "even a cursory review of the law prior to filing [EasyKnock's] complaint would have elicited the overwhelming, well-established authority precluding EasyKnock's claims under [the doctrines of qualified immunity and the litigation privilege.]" Adv. No. 24-03004, AP-ECF No. 28 at 5. The Court has noted EasyKnock's claims against the Trustee, couched as tortious interference with contract, is premised on the Trustee's assertions relating to the Sell and Stay Contract, but failed

---

[3] Applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P 9011.

to recognize the Trustee stands in the shoes of the Debtor *vis-à-vis* important aspects of the Sell and Stay Contract including any potential exercise of the option to purchase. The defamation claims appear to fail to recognize that any plaintiff asserting a claim under the Connecticut Unfair Trade Practices Act is required to mail a copy of the complaint to the Attorney General for the State of Connecticut. *See,* Conn. Gen. Stat. § 42-110g(c); s*ee also*, Adv. No. 24-03004, AP-ECF No. 19-2, at 14 (EasyKnock was aware of this prior to the Motion for Sanctions, Adv. No. 24-03004, AP-ECF No. 28).

On July 16, 2024, the Court held oral argument on the Trustee's Motion to Dismiss and the Sanctions Motion. Both motions remain pending however, as the parties filed the Settlement Motion prior to the Court's ruling upon those matters.

## Summary of Settlement Terms

The settlement agreement negotiated between the Trustee and EasyKnock (the "Agreement") resolves all claims asserted by and against the Trustee and EasyKnock, without any determinations as to the liability of either party, and sets forth the following material terms:

a. Payment by EasyKnock: The Agreement requires EasyKnock to pay $265,000 (the "Settlement Amount") to the bankruptcy estate which the parties agree is the present value of the Property.

b. Dismissal of the Trustee's and EasyKnock Action: After full payment to the Trustee, (i) the Trustee shall file a withdrawal with prejudice of the Sanctions Motion; (ii) EasyKnock shall file a voluntary dismissal with prejudice of the EasyKnock Action; (iii) the Trustee and EasyKnock shall file a stipulation of dismissal with prejudice of the Trustee's Voidable Transfer Action; and (iv) the Trustee shall deliver to Glenn Agre via

overnight mail a fully executed release of the Affidavit of Facts encumbering the Property.

c. <u>Mutual Releases</u>: The Agreement includes general mutual releases of claims held by the Trustee and EasyKnock, including a release of any claims of the bankruptcy estate against the Property, and a release by EasyKnock of any claims against the bankruptcy estate, including claims pursuant to 11 U.S.C § 502(h).

d. <u>Other Relevant Provisions</u>: The Agreement includes additional protections for the bankruptcy estate including:

(i) the Trustee's right to immediate entry of judgment against EasyKnock upon default in the amount of any outstanding portion of the Settlement Amount, plus interest at 10% per annum accrued from the date of the Transfer, plus reasonable attorneys' fees and costs to enforce such judgment, and

(ii) the right to enforce the obligations under the Agreement, including but not limited to having an allowed general unsecured claim, in the event the Settlement Amount or any portion thereof is determined to be voidable or recoverable under any state or federal law.

### Discussion

Rule 9019(a) provides on "motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Civ.P. 9019(a). The Court's task is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness. In doing so, courts in this Circuit consider the seven factors enumerated in *In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007):

(1) the balance between the litigation's possibility of success and the settlement's future benefits;

(2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

(3) The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

(4) whether other parties in interest support the settlement;

(5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;

(6) the nature and breadth of releases to be obtained by officers and directors; and

(7) the extent to which the settlement is the product of arm's length bargaining.

See also, Stadtmauer v. Tulis (In re Nordlicht), 115 F.4th 90 (2d Cir. 2024). The court should approve a proposed settlement when it is both fair and equitable and in the best interests of the estate. *Id.,* (*citing In re Liu*, 166 F.3d 1200, 1200 (2d Cir. 1998) (*summary order*) (*quoting* 10 Collier on Bankruptcy ¶ 9019.02 (15th ed. rev.)). In this case, the Court finds the *Iridium* factors that apply all weigh in favor of approving this settlement.

1. <u>Probability of Success in Litigation.</u>

While the outcome of any litigation is inherently uncertain, it appears this settlement results in a recovery to the bankruptcy estate which may be equivalent to a net recovery obtainable at the conclusion of litigation. While not accounting for the Trustee's costs to pursue her claims, or the costs to defend the EasyKnock claims including some claims that may not be well-founded in fact or law, the Trustee alleged the current value of the Property is $265,000 and the settlement payment will be $265,000.

2. <u>Complexity of Litigation.</u>

Despite the early stage of both the Trustee's Action and the EasyKnock Action, the bankruptcy estate and EasyKnock have already incurred substantial fees and costs, indicating there is sufficient complexity and a high likelihood this litigation would result in

considerable administrative costs to the estate. The Trustee also noted the need to retain an expert witness as another factor indicating the litigation will be complex. Employing an expert witness would likely require a retainer the estate cannot presently pay.

3. <u>Paramount Interest of Creditors.</u>

The proposed settlement amount is sufficient to fully satisfy all anticipated claims against the estate, plus interest, and will still allow for a meaningful surplus to flow to the Debtor. Debtor's counsel attended the hearing, filed a statement in support of the proposed settlement and confirmed the facts alleged during the hearing did not change Debtor's support of the settlement.

Although unknown at the October 9, 2024, hearing, the Trustee has confirmed and submitted a supplemental filing confirming that the Trustee's professional liability carrier, GenStar Insurance Services LLC ("GenStar"), was served with a copy of the Settlement Motion and the Trustee's Motion for Sanctions on October 9, 2024, by email, and on October 10, 2024, by first class mail. ECF No. 59.[4] The Trustee also filed a certificate of service to the same effect. Adv. No. 24-03004, AP-ECF No. 58.

The professional liability policy issued by GenStar provides it with a right of subrogation to all of its insured's rights of recovery against any person or organization. Through the date of the hearing, special counsel for the Trustee had been paid approximately $99,000.00 by GenStar to defend EasyKnock's complaint, in addition to amounts special counsel will bill directly to the bankruptcy estate. The Trustee filed supplemental information after the hearing proferring that GenStar has confirmed in writing to the Trustee that:

---

[4] Adv. No. 24-03002, AP-ECF No. 69; Adv. No. 24-03004; AP-ECF No. 59.

    (i)    it agrees to the proposed settlement set forth in the Compromise Motion, and

    (ii)    if the Court grants the Compromise Motion, GenStar agrees to waive its subrogation rights as to the proposed settlement.

4. <u>Support of the Parties.</u>

The Settlement Motion was fully supported by both the Trustee and EasyKnock, and no objections were made by any other party in interest. As noted, the Debtor supports the settlement and all creditors will be paid in full, plus interest. Further, the Settlement Amount is based upon a comparative market analysis of the current fair market value of the Property, and both parties agree upon the accuracy of the valuation.

5. <u>Competency and Experience.</u>

The Trustee and EasyKnock are each represented by competent and experienced bankruptcy counsel, capable of advising them about the pros and cons of entering into this settlement.

6. <u>Scope of Director & Officer Releases.</u>

This factor is not applicable.

7. <u>Arm's Length Bargaining.</u>

The Trustee and EasyKnock each represented they negotiated the proposed settlement through arms-length bargaining. Counsel for the Debtor appeared and represented the Debtor consented to and supported the proposed settlement, which would return a surplus to her after all known claims were paid in full.

Weighing these factors individually, and as a whole, it is easy to conclude this settlement falls above the lowest point of reasonableness, is fair and equitable, and is in the best interests of the estate.

**Conclusion**

For these reasons and pursuant to Fed. R. Bankr. P. 9019(a), upon the Trustee's Motion dated September 4, 2024, and after notice and hearing held on October 9, 2024, it is hereby:

**ORDERED:** The Settlement Motion is granted and the Chapter 7 Trustee is authorized to compromise the bankruptcy estate's interest in claims pursuant to 11 U.S.C. §§ 548, 550, and 551 for recovery of a fraudulent transfer, as well as pursuant to Connecticut General Statutes § 42-110a, *Et Seq.*, against EK Real Estate Fund, I LLC and EasyKnock, Inc. as specified in the Settlement Motion for the payment of TWO HUNDRED SIXTY-FIVE THOUSAND AND 00/100 ($265,000.00) DOLLARS and upon the further terms and conditions set forth in such Motion; and it is further

**ORDERED:** The court hereby retains jurisdiction to enforce the terms and conditions of the Agreement and to consider whether and to what extent further proceedings regarding the allegations in the motion for sanctions are warranted.[5]

Dated this 23rd day of October, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

---

[5] Although the proposed settlement provides the Trustee will withdraw its motion for sanctions against EasyKnock, nothing in the proposed settlement limits this Court's authority to independently determine whether EasyKnock's conduct in this case was sanctionable under Rule 11. "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed.R.Civ.P. 11(c)(3).